IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 11-37 |
| v. | ) [UNDER SEAL] |
| | ) |
| GREGORY J. PODLUCKY, | ) (18 U.S.C. §§ 1956(h), |
| a/k/a Greg Podlucky | ) 1956(a)(1)(B)(i), |
| G JESSE PODLUCKY | ) 1957(a) and 2) |
| a/k/a Jesse Podlucky | ) |
| KARLA S. PODLUCKY | ) |

INDICTMENT

At all times material to this indictment.

1    Defendant GREGORY J. PODLUCKY, a/k/a Greg Podlucky, was the former CEO of Le-Nature's, Inc. (referred to hereinafter as LNI) a company incorporated in the State of Delaware and headquartered in Latrobe, in the Western District of Pennsylvania, engaged in the business of bottling water, and fruit and tea flavored beverages, which became the subject of bankruptcy proceedings brought in the United States Bankruptcy Court for the Western District of Pennsylvania in early November 2006, Docket No. 06-25454-MBM   He resided at 345 Cobblestone Lane, in Ligonier, in the Western District of Pennsylvania.

2.   Defendant G JESSE PODLUCKY, a/k/a Jesse Podlucky, was the son of defendant GREGORY J. PODLUCKY, a/k/a Greg Podlucky and a former employee of LNI. He resided at 345 Cobblestone Lane, in Ligonier, in the Western District of Pennsylvania.

3.    Defendant KARLA S. PODLUCKY was the wife of defendant GREGORY J. PODLUCKY, a/k/a Greg Podlucky, and the mother of

defendant G. JESSE PODLUCKY, a/k/a Jesse Podlucky. She resided at 345 Cobblestone Lane, in Ligonier, in the Western District of Pennsylvania.

4. LNI was indebted to creditors in an amount estimated by the court appointed bankruptcy trustee at not less than $700 million, a sum that was at least $600 million greater than the estimated value of its assets  The large deficiency of assets compared to liabilities resulted in major part from extensions of credit that had been received by LNI during the period of approximately January 1, 2001, through September 1, 2006. The extensions of credit had been granted to LNI by financing organizations which relied on LNI's audited financial statements for the calendar years 2000-2005, unaudited quarterly financial statements, and additional numerous reports and projections generated by LNI, all of which financial information portrayed LNI as having profitable operations, with strong and growing sales which generated a positive cash flow and enabled it to accumulate substantial assets. All such financial information provided to and relied on by financing organizations was false and fraudulent: LNI actually suffered large operating losses, and its financial statements greatly exaggerated its sales and assets.

5. Extensions of credit which had been received by LNI were granted to it on the condition that the funds provided would be used for purposes such as the acquisition of specific equipment for

bottling operations, or to meet ordinary and necessary expenses incurred by LNI in continuing its business operations as a beverage bottler.

6.  Defendants GREGORY J PODLUCKY, a/k/a Greg Podlucky, and KARLA S. PODLUCKY had made large purchases of valuable gems, precious metals, and jewelry, which they paid for with funds stolen from LNI, that often were also diverted from the advances to LNI by financing organizations made in reliance on LNI's financial information, and intended for the limited purposes described above Such purchases included the following transactions.

   (a) The purchase on March 17, 2001, of a "round brilliant diamond" (mounted on a ring) from Blackstone Jewelers for $241,145.76;

   (b) The purchase on August 19, 2004, from Fine Gems International of two diamonds for $503,440,

   (c) The purchase on April 14, 2004, from Fine Gems International of two Kashmir sapphires for $499,400; and

   (d) The purchase on April 24, 2006, from Fine Gems International of five Kashmir sapphires for $1,538,000

7.  The Kashmir sapphires referred to in paragraphs 6(c) and 6(d), above, had been held by Fine Gems International and/or its agents subsequent to purchase, on behalf of defendant, GREGORY J. PODLUCKY, a/k/a Greg Podlucky, and subject to disposition pursuant to his subsequent orders.

8. The employment relationships with LNI of defendants GREGORY J. PODLUCKY, a/k/a Greg Podlucky, and G. JESSE PODLUCKY, a/k/a Jesse Podlucky, had ended following the appointment by the Delaware Court of Chancery of a custodian to take over management of the company on October 27, 2006.

9  Defendant GREGORY J. PODLUCKY, a/k/a Greg Podlucky, was under investigation for, and on September 17, 2009, was indicted for, mail fraud, wire fraud and bank fraud in violation of Title 18, United States Code, Sections 1341, 1343, and 1344, as a result of his involvement in the management of LNI. He hired an attorney whose identity is known to the grand jury, who is not a defendant herein and is referred to subsequently as XX, to represent him in connection with the charges

COUNT ONE

The grand jury charges:

10   Paragraphs 1 - 9 are incorporated herein and realleged as if fully set forth

11.  From approximately October 26, 2006, and continuing thereafter through approximately December 31, 2010, in the Western District of Pennsylvania and elsewhere, the defendants, GREGORY J. PODLUCKY, a/k/a Greg Podlucky, G. JESSE PODLUCKY, a/k/a Jesse Podlucky, and KARLA S. PODLUCKY, did knowingly, intentionally and unlawfully conspire together with one another, and with persons both known and unknown to the grand jury, to commit certain offenses against the United States, that is:

> a.  Knowingly to conduct and attempt to conduct financial transactions involving property representing the proceeds of a specified unlawful activity, that is wire fraud, bank fraud, and interstate transportation of stolen property in violation of Title 18, United States Code, Sections 1343, 1344 and 2314, knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and
>
> b.  Knowingly to engage in monetary transactions in criminally derived property with a value greater than

$10,000, such property having been derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957(a)

<u>Manner and Means of the Conspiracy</u>

12. It was part of the conspiracy that:

a. The defendants would and did secure and retain possession of the valuable gems, precious metals, and jewelry obtained with funds stolen from LNI and diverted from extensions of credit to LNI, and would dispose of and attempt to dispose of them at an opportune time.

b. The defendants would and did create organizations and legal entities including trusts, corporations and limited liability companies, under the names Twilight Palm Canyon Asset Management Trust, Green Special Advisers, LLC, and Maranatha Trust, among others, the primary purpose of which would be and was to maintain accounts at financial institutions in order to manage funds to be received by sales of such valuable gems, precious metals and jewelry while concealing their personal involvement.

c. The defendants would and did cause sales of valuable gems, precious metals and jewelry to occur, and would and did direct the funds thus generated to be deposited in accounts opened in the names of organizations and entities as described above.

d. The defendants would and did cause the funds deposited to these accounts to be spent in monetary transactions conducted in the names of the organizations and entities they

created, in order to meet their personal needs, family needs and living expenses.

## Transactions and Events

13. On or about the dates recited below, in furtherance of the conspiracy and to effect its objects one or more of the defendants did cause the following transactions and events, among others, to occur in the Western District of Pennsylvania and elsewhere:

    a. On or about November 1, 2006, defendant GREGORY J. PODLUCKY, a/k/a Greg Podlucky, instructed Fine Gems International to ship the Kashmir sapphires referred to in paragraphs 6(c) and 6(d) to the office in the Western District of Pennsylvania of attorney TC, not a defendant herein.

    b. On or about January 9, 2007, the sapphires previously shipped by Fine Gems International were received by defendant GREGORY J. PODLUCKY, a/k/a Greg Podlucky, from the office of attorney TC in the Western District of Pennsylvania.

    c. On or about January 18, 2007, defendants GREGORY J. PODLUCKY, a/k/a Greg Podlucky, and G. JESSE PODLUCKY, a/k/a Jesse Podlucky, deposited eight packages in the United States mail at the Laughlintown Post Office in the Western District of Pennsylvania, containing a total of 9400 grams (approximately 331 ounces) of 18 Kt. gold, 1040 grams (approximately 37 ounces) of 24 Kt. gold, and 675 grams (approximately 23 ounces) of platinum, for delivery to a

precious metals dealer by the name of Kitco, Inc. located in Champlain, NY.

   d On or about February 8, 2007, defendants GREGORY J. PODLUCKY, a/k/a Greg Podlucky, and KARLA S. PODLUCKY caused a law firm, not a defendant herein, and referred to subsequently as the W&C firm, having an office in Pittsburgh, in the Western District of Pennsylvania, to prepare documents to create Maranatha Trust.

   e. On or about November 9, 2007, in the case of <u>United States v Various Items of Jewelry</u>, Civil Action No 07-1296, Western District of Pennsylvania, defendants GREGORY J. PODLUCKY, a/k/a Greg Podlucky, and KARLA S PODLUCKY, waived the right to contest forfeiture by the United States of various gems, jewelry and precious metals. Included were nine Kashmir sapphires set on a Cartier bracelet they had purchased through Fine Gems International with funds stolen from LNI and diverted from the advances to LNI by financing organizations, but which had been seized by the United States following an unsuccessful attempt to make delivery through attorney TC in compliance with the November 1, 2006 instructions of defendant GREGORY J. PODLUCKY, a/k/a Greg Podlucky.

   f. On or about September 9, 2008, the defendant GREGORY J. PODLUCKY, a/k/a Greg Podlucky, caused a fictitious business name, Green Special Advisers, to be registered in the State of Nevada

g. On or about September 10, 2008, defendants GREGORY J PODLUCKY, a/k/a Greg Podlucky, and KARLA S. PODLUCKY caused the W&C firm, having an office in Pittsburgh, in the Western District of Pennsylvania, to prepare documents to create Twilight Palm Canyon Asset Management Trust (hereinafter referred to as Twilight Trust.

h. On or August 10, 2009, defendants GREGORY J. PODLUCKY, a/k/a Greg Podlucky, and G. JESSE PODLUCKY, a/k/a Jesse Podlucky met with representatives of Sotheby's, an auction house based in New York, NY, at the offices of the W&C firm in the Western District of Pennsylvania, and discussed arrangements to auction three diamonds  They identified themselves only as representatives of Twilight Trust, and did not disclose that the diamonds had previously been purchased by defendants GREGORY J. PODLUCKY, a/k/a Greg Podlucky, and KARLA S. PODLUCKY from Blackstone Jewelers and Fine Gems International, or that the purchases were made with funds stolen from LNI and diverted from extensions of credit to LNI.

i. On or about September 12, 2009, defendant KARLA S. PODLUCKY caused a statement signed by her parents, Jacqueline and Walter Boyd, falsely asserting the three diamonds were family heirlooms that had been gifted by them to Twilight Trust for sale to help pay for the education of the Podlucky children, to be submitted from the office of the W&C firm in the Western District of Pennsylvania to Sotheby's.

j. On or about September 14, 2009, defendant G. JESSE PODLUCKY, a/k/a Jesse Podlucky, caused brokerage and checking accounts to be opened in the name of Twilight Trust at Charles Schwab in San Francisco, California and Reno, Nevada, providing 297 Sunrise Lane, Ligonier, PA, a fictitious location adjacent to the Podlucky residence, as the mailing address for Twilight Trust.

k   On or about October 18, 2009, the defendants, GREGORY J. PODLUCKY, a/k/a Greg Podlucky, G. JESSE PODLUCKY, a/k/a Jesse Podlucky, and KARLA S. PODLUCKY, caused Sotheby's to auction the three diamonds in New York, for a total of $539,000, and subsequently to transfer the proceeds of the sale (less fees and an earlier advance) by wire to the account of Twilight Trust at Charles Schwab in Reno, Nevada.

l. On or about January 19, 2010, and February 1, 2010, defendant G. JESSE PODLUCKY, a/k/a Jesse Podlucky, made trips from the Western District of Pennsylvania to the offices of Sotheby's in New York, NY, and offered for auction in the name of Twilight Trust valuable gems and jewelry items. Included in the items were the seven sapphires discussed in subparagraphs a and b, above. No disclosure was made that they had been previously purchased by defendants GREGORY J. PODLUCKY, a/k/a Greg Podlucky, and KARLA S. PODLUCKY from Fine Gems International with funds stolen from and diverted from extensions of credit to LNI, that employment of himself and defendant GREGORY J PODLUCKY, a/k/a Greg Podlucky, by LNI had been terminated following the appointment of a custodian by

the Delaware Court of Chancery, that LNI was in bankruptcy proceedings, or that the sapphires had been delivered to defendant GREGORY J. PODLUCKY, a/k/a Greg Podlucky, through the office of attorney TC approximately two months after the bankruptcy proceedings had been initiated.

  m. On or about February 4, 2010, defendant G. JESSE PODLUCKY, a/k/a Jesse Podlucky, and Lucas Boyd, not a defendant herein, created a start-up business under the name Morganics, USA, LLC, by causing the name to be registered in the State of Nevada. Later, a place of business was established for Morganics in Greensburg in the Western District of Pennsylvania.

  n. On or about April 20, 2010, the defendants, GREGORY J. PODLUCKY, a/k/a Greg Podlucky, G. JESSE PODLUCKY, a/k/a Jesse Podlucky, and KARLA S. PODLUCKY, caused Sotheby's to auction the seven sapphires in New York, for a total of $2,277,000, and subsequently to transfer the proceeds of the sale (less fees) by wire to the account of Twilight Trust at Charles Schwab in Reno, Nevada.

  o. On or about June 2, 2010, defendant G. JESSE PODLUCKY, a/k/a Jesse Podlucky, opened an account in the name of Morganics, USA, LLC at First Niagara Bank in Greensburg, in the Western District of Pennsylvania.

  p. On or about June 22, 2010, the defendant KARLA S. PODLUCKY caused brokerage and checking accounts to be opened in the name of Maranatha Trust at Charles Schwab in San Francisco,

California, and Reno, Nevada, providing the address of the W&C firm at One Gateway Center in Pittsburgh, in the Western District of Pennsylvania, as the mailing address.

q   On or about July 8, 2010, defendant G. JESSE PODLUCKY, a/k/a Jesse Podlucky, opened an account in the name of Morganics at TD Ameritrade in Omaha, Nebraska.

r.   On or about August 2, 2010, defendant KARLA S. PODLUCKY caused an account to be opened in the name Green Special Advisers at TD Ameritrade in Omaha, Nebraska, providing 297 Sunrise Lane, Ligonier, Pennsylvania, a fictitious location adjacent to the Podlucky residence, as the address of record.

s.   On or about October 12, 2010, defendant GREGORY J. PODLUCKY, a/k/a Greg Podlucky, caused an account to be opened in the name Green Special Advisers at Capital One Bank in Glenn Allen, Virginia

t.   On or about the dates set forth in the table below, the defendants did conduct the following transactions in the Western District of Pennsylvania and elsewhere:

| NO | DATE | PAYOR ACCT | DESCRIPTION | RECIPIENT | AMOUNT |
| --- | --- | --- | --- | --- | --- |
| 1 | January 1, 2010 | Twilight Trust Schwab ckg acct | Check no 1005 signed G Podlucky | Attorney XX Law Firm | $100,000 00 |
| 11 | Feb 4, 2010 | Twilight Trust Schwab ckg acct | Check no 1007 signed G Podlucky | G Jesse Podlucky | $5,000 00 |

| NO | DATE | PAYOR ACCT | DESCRIPTION | RECIPIENT | AMOUNT |
|---|---|---|---|---|---|
| iii | April 2, 2010 | Twilight Trust Schwab ckg acct | Check no 1009 signed G Jesse Podlucky | Attorney XX Law Firm | $100,000.00 |
| iv | June 29, 2010 | Twilight Trust Schwab ckg acct | Check no 1012 signed G Jesse Podlucky, lease of Mercedes | American Svc Center (Arlington, Va) | $9,008.95 |
| v | July 1, 2010 | Twilight Trust Schwab broker acct | Wire transfer, purchase of gate at Podlucky res | Heritage Industries | $9,400.00 |
| vi | July 2, 2010 | Twilight Trust Schwab ckg acct | On line pymt for Gregory Podlucky credit card 9947 | Bank of America | $65,032.92 |
| vii | July 6, 2010 | Twilight Trust Schwab broker acct | transfer of funds by wire | Maranatha Trust Schwab ckg acct | $190,600.55 |
| viii | July 6, 2010 | Maranatha Trust Schwab ckg Acct | transfer of funds, purchase of cashier's ck | Morganics acct at Ameritrade | $135,150.00 |
| ix | July 7, 2010 | Twilight Trust Schwab ckg acct | Check no 1013 signed G Jesse Podlucky | Attorney XX Law Firm | $100,450.10 |
| x | July 12, 2010 | Twilight Trust Schwab ckg acct | On line pymt for Karla Podlucky credit card 8281 | Capital One | $14,789.37 |
| xi | July 30, 2010 | Twilight Trust Schwab ckg acct | On line pymt for Gregory Podlucky credit card 5327 | Discover | $11,336.70 |
| xii | Aug 2, 2010 | Twilight Trust Schwab broker acct | transfer of funds by wire | Green Special Advisers (acct at Ameritrade) | $250,000.00 |
| xiii | Aug 11, 2010 | Maranatha Trust Schwab ckg acct | Schwab check to Maranatha Trust to close acct | Green Special Advisers (acct at Ameritrade) | $55,542.99 |
| xiv | Aug 12, 2010 | Green Special Advisers acct at Ameritrade | Check no 103 signed Karla Podlucky, gate at Podlucky res | Heritage Industries | $2,225.00 |

| NO | DATE | PAYOR ACCT | DESCRIPTION | RECIPIENT | AMOUNT |
|---|---|---|---|---|---|
| xv | Aug 18, 2010 | Morganics acct at Ameritrade | Check no 105 signed G Jesse Podlucky | Pakit | $6,525 00 |
| xvi | Sept 1, 2010 | Green Special Advisers acct at Ameritrade | Check no 104 signed Karla Podlucky | Attorney XX Law Firm | $100,000 00 |
| xvii | Sept 21, 2010 | Green Special Advisers acct at Ameritrade | Check no 105 signed Karla Podlucky | Jesse Podlucky | $7,500 00 |
| xviii | Sept 27, 2010 | Green Special Advisers acct at Ameritrade | Check no 106 signed Karla Podlucky | Walter Boyd | $2,500 00 |
| xix | Oct 5, 2010 | Morganics acct at Ameritrade | Ameritrade check to Morganics to close acct | Morganics acct at First Niagara | $105,465 29 |
| xx | Oct 12, 2010 | Green Special Advisers acct at Ameritrade | transfer of funds by wire | Green Special Advisers acct at Capital One | $163,128 05 |
| xxi | Oct 15, 2010 | Green Special Advisers acct at Capital One | Check no 101 signed Gregory Podlucky, res mort (11 mo) | BAC Home Loan Servicing | $50,864 40 |
| xxii | Oct 18, 2010 | Morganics acct at First Niagara | Cashier's check purchased | In Charge Debt Solutions (for Jesse Podlucky) | $22,500 00 |
| xxiii | Oct 19, 2010 | Green Special Advisers, acct at Capital One | on line payment home equity loan (Podlucky res) | National City/PNC | $63,497 11 |
| xxiv | Oct 19, 2010 | Green Special Advisers, acct at Capital One | on line pymt (12 mo) for Mercedes lease | Mercedes Benz Financial | $24,999 99 |
| xxv | Oct 19, 2010 | Green Special Advisers, acct at Capital One | debit card transaction | Sam's Club | $7,569 95 |

All in violation of Title 18, United States Code, Section 1956(h)

## COUNT TWO

The grand jury further charges:

14. Paragraphs 1 - 9 are incorporated herein and realleged as is fully set forth.

15. On or about January 1, 2010, in the Western District of Pennsylvania, the defendants, GREGORY J. PODLUCKY, a/k/a Greg Podlucky, G. JESSE PODLUCKY, a/k/a Jesse Podlucky, and KARLA S. PODLUCKY, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce which involved the proceeds of specified unlawful activity, knowing that the property involved represented the proceeds of some form of unlawful activity, and knowing that said financial transaction was designed in whole or in part to conceal and disguise the location, source, ownership and control of the proceeds of specified unlawful activity, in that the defendants caused check number 1005 drawn by defendant G. JESSE PODLUCKY, a/k/a Jesse Podlucky, on the checking account of Twilight Trust at Schwab, in Reno, Nevada in the amount of $100,000.00, consisting of the proceeds of wire fraud, bank fraud, and interstate transportation of stolen property in violation of Title 18, United States Code, Sections 1343, 1344 and 2314, to be deposited into the account of the Attorney XX Law Firm at First Commonwealth Bank of Indiana, Pennsylvania.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THREE

The grand jury further charges:

16. Paragraphs 1 - 9 are incorporated herein and realleged as is fully set forth.

17  On or about June 8, 2010, in the Western District of Pennsylvania and elsewhere, the defendants, GREGORY J. PODLUCKY, a/k/a Greg Podlucky, G. JESSE PODLUCKY, a/k/a Jesse Podlucky, and KARLA S. PODLUCKY, did knowingly engage in a monetary transaction, affecting interstate commerce, in criminally derived property with a value greater than $10,000, which property was derived from specified unlawful activity, in that the defendants did present and authorize use of, and cause to be presented and use to be authorized of a Discover Card to pay Pool City in Greensburg in the Western District of Pennsylvania, for patio furniture in the total amount of $11,336.70, knowing that the funds were derived from a criminal offense, when in fact said funds were derived from specified unlawful activity, that is, wire fraud, bank fraud and interstate transportation of stolen property in violation of Title 18, United States Code, Sections 1343, 1344 and 2314.

In violation of Title 18, United States Code, Sections 1957(a) and 2.

## COUNT FOUR

The grand jury further charges:

18. Paragraphs 1 - 9 are incorporated herein and realleged as is fully set forth.

19. On or about September 1, 2010, in the Western District of Pennsylvania, the defendants, GREGORY J. PODLUCKY, a/k/a Greg Podlucky, G. JESSE PODLUCKY, a/k/a Jesse Podlucky, and KARLA S. PODLUCKY, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce which involved the proceeds of specified unlawful activity, knowing that the property involved represented the proceeds of some form of unlawful activity, and knowing that said financial transaction was designed in whole or in part to conceal and disguise the location, source, ownership and control of the proceeds of specified unlawful activity, in that the defendants caused check number 104 drawn by defendant KARLA S. PODLUCKY on the checking account of Green Special Advisers at Ameritrade in Omaha, Nebraska in the amount of $100,000.00, consisting of the proceeds of wire fraud, bank fraud, and interstate transportation of stolen property in violation of Title 18, United States Code, Sections 1343, 1344 and 2314, to be deposited into the account of the Attorney XX Law Firm at First Commonwealth Bank of Indiana, Pennsylvania

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIVE

The grand jury further charges

20  Paragraphs 1 - 9 are incorporated herein and realleged as is fully set forth.

21. On or about October 18, 2010, in the Western District of Pennsylvania and elsewhere, the defendants, GREGORY J. PODLUCKY, a/k/a Greg Podlucky, G. JESSE PODLUCKY, a/k/a Jesse Podlucky, and KARLA S. PODLUCKY, did knowingly engage in a monetary transaction, affecting interstate commerce, in criminally derived property with a value greater than $10,000, which property was derived from specified unlawful activity, in that the defendants did withdraw funds in the amount of $80,021.79 from the account of Morganics at First Niagara Bank in Greensburg in the Western District of Pennsylvania, in order to purchase 11 cashiers checks in the total amount of $80,021.79 issued to diverse payees, knowing that the funds were derived from a criminal offense, when in fact said funds were derived from specified unlawful activity, that is, wire fraud, bank fraud and interstate transportation of stolen property in violation of Title 18, United States Code, Sections 1343, 1344 and 2314

In violation of Title 18, United States Code, Sections 1957(a) and 2.

<u>FORFEITURE ALLEGATION</u>

1. The Grand Jury realleges and incorporates by reference the allegations contained in Counts One through Five of this Indictment for the purpose of alleging criminal forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(b)(1).

2. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956 and/or Section 1957, the defendants, GREGORY J. PODLUCKY, a/k/a Greg Podlucky, G. JESSE PODLUCKY, a/k/a Jesse Podlucky, and KARLA S. PODLUCKY, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property  The property to be forfeited includes, but is not limited to, bank account balances.

3. If through any act or omission by the defendants, GREGORY J. PODLUCKY, a/k/a Greg Podlucky, G. JESSE PODLUCKY, a/k/a Jesse Podlucky, and KARLA S  PODLUCKY, any or all of the property described in paragraphs 2 above (hereinafter the "Subject Properties")

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred, sold to, or deposited with a third person,

  c. Has been placed beyond the jurisdiction of the Court;

  d. Has been substantially diminished in value; or

  e. Has been commingled with other property which cannot be subdivided without difficulty,

the United States intends to seek forfeiture of any other property of the defendants up to the value of the Subject Properties forfeitable above pursuant to Title 18, United States Code, Section 982(b)(1).

        A True Bill,

        _____
        Foreperson

_____
DAVID J. HICKTON
United States Attorney
PA ID No. 34524